

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KJ:AB
F.#2005R00639

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:*   *147 Pierrepont Street*
*Brooklyn, New York 11201*

October 20, 2006

<u>By Facsimile and ECF</u>

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:  United States v. Robert Fields
<u>Criminal Docket No. 05-0788 (NG)</u>

Dear Judge Gershon:

The defendant is scheduled to be sentenced on October 24, 2006 at 12:00 p.m.  By way of background, the defendant pled guilty to a Superseding Information charging him with two bank robberies, one in the Eastern District of New York and one in the Southern District of New York.  Probation in its Pre-Sentence Report ("PSR") calculated an offense level of 24, which yields an advisory Guideline range of 92 to 115 months' imprisonment at Criminal History Category V. Following his sentencing to a 60 month term in Nassau County on September 7, 2005, the defendant was taken into federal custody.  By letter dated August 29, 2006, the defendant requests a downward departure pursuant to U.S.S.G. § 5G1.3(c), arguing that if his federal sentence is imposed consecutively to his state sentence, he faces a higher sentencing range than he would have otherwise faced had the federal government prosecuted him for all of his bank robberies.[1]

---

[1] The government clarifies two assertions raised in the defendant's letter.  First, no agreement to "share" prosecutions of the defendant exists between this Office and the Nassau County District Attorney's Office.  As indicated in the PSR, Nassau County's prosecution of the defendant was independent of, and preceded, the federal government's prosecution of the defendant for his March 11, 2005 Queens bank robbery.  <u>See</u> PSR ¶¶ 4, 7-8. Before the federal arrest warrant was sought, Nassau County had already arrested the defendant as a result of its independent

Under the defendant's theory, had all of his bank robberies been prosecuted in the Eastern District, his advisory Guidelines range would have been 100 to 125 months (based on an offense level of 27 and Criminal History Category IV).

The government agrees that pursuant to § 5G1.3(c), the Court has discretion to impose a sentence that is consecutive, concurrent or partially concurrent to his undischarged term. See, e.g., United States v. Livorsi, 180 F.3d 76, 83 (2d Cir. 1999) ("subsection (c) accords broad discretion to district courts in fashioning sentences, and we can discern no reason to upset the district court's decision, based as it was on a review of all relevant factors, not to shave time from Mirabella's federal sentence simply because Mirabella is also obliged to serve time for a wholly separate state law crime").

The defendant's request, however, is complicated by the fact that he has an undischarged term of imprisonment for a violation of probation. Prior to his federal arrest, Fields was sentenced to a five-year determinate sentence for his guilty plea to one count of Robbery in the Second Degree for his robbery of the NorthFork Bank in Valley Stream on December 23, 2004, in satisfaction of all four Nassau County robberies. See PSR ¶ 53, People v. Fields, SCI No. 1560N-05 at 12-13 (Sup. Ct. Nassau Cty. July 11, 2005) (Transcript of Plea, attached as Exhibit A). That guilty plea also established a violation of Fields's probation, for which he was sentenced to two concurrent indeterminate terms of imprisonment of one to three years. See People v. Fields, SCI Nos. 2259N-03, 1560N-05 at 7, 11 (Sup. Ct. Nassau Cty. Sept. 7, 2005) (Transcript of Sentence, attached as Exhibit B).[2]  In cases where the defendant has an undischarged term of imprisonment resulting from a revocation of probation,

_____

investigation.  While the arrest was made in conjunction with the Marshals Fugitive Task Force, the Marshals Service had no role in investigating the Queens and Spring Valley bank robberies to which the defendant pled in this Court, which were investigated by the FBI and NYPD's Joint Bank Robbery Task Force.  Second, following his arrest in Nassau County, the defendant did not admit committing the March 11, 2005 Queens robbery, but admitted only his role in robbing three banks in Nassau County and attempting to rob a fourth.  PSR ¶ 67.

[2] The parties in state court agreed that the defendant may make a motion, pursuant to New York's Criminal Procedure Law, Section 440, for resentencing following the imposition of his federal sentence. (Sentencing Tr. at 7).

the Guidelines counsel against a concurrent sentence, recommending "that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, Note 3(c).

Rather than request only the imposition of a concurrent sentence, the defendant also seeks a downward departure. However,

subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

U.S.S.G. § 5G1.3, Note 3(E); see also United States v. Whiteley, 54 F.3d 85, 91 (2d Cir. 1995) ("While downward departures are not impermissible, the Sentencing Commission does not intend that district courts routinely grant them in an effort to implement § 5G1.3(c)."). Here, the defendant does not present a sufficiently compelling case warranting a departure. While to his credit, the defendant has admitted to additional bank robberies beyond the one with which he was originally charged, his criminal history reveals someone who has committed serious offenses resulting only in minor sentences of probation. At the age of twenty-five, the defendant has amassed a fairly significant criminal record which also includes a burglary and attempted burglary in which the defendant again "used intimidation and threats of violence and physical harm." PSR ¶ 57. While on probation for these offenses, during a four-month period, the defendant robbed six banks and attempted to rob a seventh, all while displaying a handgun and threatening to harm or kill bank employees.

Therefore, while the government does not oppose a partially concurrent sentence under § 5G1.3(c) so long as the

sentence is consecutive to the 1 to 3 year undischarged term for the defendant's probation revocation, it opposes a downward departure because the defendant fails to advance any sufficiently compelling circumstance warranting such a departure.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By:     Amy Busa
        Assistant U.S. Attorney
        (718) 254-6274

cc:  Heidi Cesare, Esq.
     Clerk of the Court (NG), by ECF
     U.S. Probation Officer Mary Ann Betts

Exhibit A

STATE OF NEW YORK  :  NASSAU COUNTY

     COUNTY COURT PART VI

- - - - - - - - - - - - - - - - - - - -x

THE PEOPLE OF THE STATE OF NEW YORK,

             -against-        :  SCI 1560N-05

ROBERT FIELDS,              :   Plea

                 DEFENDANT.

- - - - - - - - - - - - - - - - - - -x

                        July 11, 2005
                        262 Old Country Road
                        Mineola, New York

B E F O R E :

     HON. HON. JEFFREY S. BROWN,
             County Court Judge

A P P E A R A N C E S :

     HON. DENIS DILLON
     Nassau County District Attorney
     BY:  ROBERT T. HAYDEN, ESQ., of Counsel
         Assistant District Attorney
             for the People

     THE LEGAL AID SOCIETY
     BY:  MICHAEL BERGER, ESQ.,
         of counsel
             for the Defendant

                     BONNIE PICCIRILLO,
                     Official Court Reporter

```
 1              THE CLERK:  Your Honor, this is docket number

 2     2005NA005125 and 5129, the matter of Mr. Robert Fields.

 3              Sir, good morning.  Are you Mr. Robert

 4     Fields?

 5              THE DEFENDANT:  Yes, sir.  Good afternoon.

 6              MR. BERGER:  Michael Berger, Legal Aid

 7     Society for Mr. Fields.

 8              MR. HAYDEN:  Robert T. Hayden, for the

 9     People.

10              THE CLERK:  Mr. Fields, is Mr. Berger

11     standing next to you your attorney?

12              THE DEFENDANT:  Yes, sir.

13              THE CLERK:  Mr. Fields, I've been instructed

14     by the Honorable Jeffrey S. Brown sitting as a local

15     Criminal Court judge to advise you that you have a

16     right to a felony hearing on the charges contained in

17     this felony complaint.

18              Do you wish to waive your right to those

19     hearings, and consent for these matters being held for

20     the action of the Grand Jury?

21              THE DEFENDANT:  Yes.

22              THE CLERK:  Mr. Fields, the District Attorney

23     of the County of Nassau has filed a Superior Court

24     Information No. 1560N of 2005 accusing you of the

25     crimes of robbery in the second degree, two counts;
```

Proceedings                                         3

1        robbery in the third degree; and attempt to commit the

2        crime of robbery in the second degree; and unauthorized

3        use of a motor vehicle in the third degree.

4              Under the constitution of the State of New

5        York, you have the right to be prosecuted by an

6        indictment.

7              Do you wish to waive that right and proceed

8        by Superior Court Information?

9              THE DEFENDANT:  Yes.

10             THE CLERK:  Mr. Fields, the Honorable Jeffrey

11       Brown has directed me to inform you of your right to

12       the aid of counsel throughout all stages of these

13       proceedings.

14             You are also advised that if you have any

15       prior felony convictions, you may be subject to a

16       mandatory term of imprisonment.

17             Sir, with respect to Superior Court

18       Information No. 1560N of 2005, how do you plead, sir?

19             THE DEFENDANT:  Not guilty.

20             THE CLERK:  Your Honor, Mr. Fields has

21       entered a plea of not guilty.

22             Mr. Hayden, any applications, please?

23             MR. HAYDEN:  Yes, I do, your Honor.

24             The defendant is charged under Superior Court

25       Information No. 1560N of 2005 with two counts of

1        robbery in the second degree, one count of robbery in

2        the third degree, and one count of attempted robbery in

3        the second degree and one count of unauthorized use of

4        a motor vehicle in the third degree.

5                 The People, at this time, will provide the

6        defendant the opportunity to plead guilty to count one

7        of the Superior Court Information, robbery in the

8        second degree, class C violent felony, in full

9        satisfaction, of the Superior Court Information.

10                The People feel that this plea will serve the

11       interest of justice, provide the Court with proper

12       sentencing latitude, and help bring this matter to a

13       swift and certain conclusion.

14                We represent to the Court we have made no

15       threats or promises to induce this defendant to take

16       this plea.

17                MR. BERGER:  I join in the application, your

18       Honor.

19                THE COURT:  Please place Mr. Fields under

20       oath.

21                THE CLERK:  Mr. Fields, you solemnly swear

22       the testimony you are about to give will be the truth,

23       whole truth and nothing but the truth, so help you god?

24                THE DEFENDANT:  Yes, I do.

25                THE COURT:  Now, Mr. Fields, have you

Proceedings                                     5

1       completely discussed the facts of your case with your

2       attorney, Mr. Berger?

3                   THE DEFENDANT:  Yes, I have, sir.

4                   THE COURT:  During the course of my

5       questioning, you have the right to stop me and ask me,

6       your attorney any questions.

7                   Do you understand that?

8                   THE DEFENDANT:  Yes, sir.

9                   THE COURT:  How old are you?

10                  THE DEFENDANT:  Twenty-three.

11                  THE COURT:  Do you read and write English?

12                  THE DEFENDANT:  Yes, sir.

13                  THE COURT:  Are you a citizen of the United

14      States?

15                  THE DEFENDANT:  Yes, sir.

16                  THE COURT:  What's the highest grade you

17      completed in school?

18                  THE DEFENDANT:  Thirteen.

19                  THE COURT:  One year of college?

20                  THE DEFENDANT:  Yes, sir.

21                  THE COURT:  Do you feel in good physical and

22      mental health as you stand here today?

23                  THE DEFENDANT:  Excellent.

24                  THE COURT:  Have you taken any alcohol or any

25      drugs in the last twenty-four hours?

THE DEFENDANT:  No, sir.

2          THE COURT:  Have you ever been treated or

3     confined to a hospital for any mental illness?

THE DEFENDANT:  No, sir.

THE COURT:  Have you had enough time to speak

with your attorney before pleading guilty today?

THE DEFENDANT:  Yes, sir.

8          THE COURT:  Are you satisfied with the manner

9     in which your attorney has represented you?

10         THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that if this

12    case should go to trial, you are entitled to certain

13    constitutional rights.  One of which is a right to a

14    trial by jury with the assistance of your attorney.

15         The District Attorney would have to prove

16    your guilt by proof beyond a reasonable doubt.  That's

17    the standard of proof.

18              You understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Do you understand that you have a

21    right to listen to the witnesses against you, have your

22    attorney cross-examine those witnesses?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Do you understand that you do not

25    have to take the stand and testify.  However, you have

1       the right to bring in your own witnesses to testify in

2       your behalf?

3                   THE DEFENDANT:  Yes, sir.

4                   THE COURT:  You understand that by pleading

5       guilty, you give up those rights?

6                   THE DEFENDANT:  Yes, sir.

7                   THE COURT:  Do you understand that a plea of

8       guilty is the same as a conviction after trial?

9                   THE DEFENDANT:  Yes, sir.

10                  THE COURT:  Has anyone made any threats,

11      anyone tried to force you to plead guilty today?

12                  THE DEFENDANT:  No, sir.

13                  THE COURT:  Do you understand you have a

14      right to appeal to a higher court after sentencing for

15      a review of what's taken place in this case; and the

16      District Attorney is asking you to give up that right,

17      waive your right to appeal as a condition of this plea?

18                  THE DEFENDANT:  Yes, sir.

19                  THE COURT:  Have you discussed with your

20      attorney the waiver and giving up your right to appeal?

21                  THE DEFENDANT:  Yes, sir.

22                  THE COURT:  Has anyone made any threats or

23      forced you to waive or give up your right to appeal?

24                  THE DEFENDANT:  No, sir.

25                  THE COURT:  Are you voluntarily, of your own

1        free will giving up your right to appeal?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  You understand by giving up your

4        right to appeal, no higher court can review what's

5        happened in this case?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Are you presently on probation or

8        parole?

9                THE DEFENDANT:  Yes.  To you, your Honor.

10               THE COURT:  You're on probation to me, is

11       that correct?

12               THE DEFENDANT:  Yes, sir.

13               THE COURT:  Do you understand by pleading

14       guilty today, you're admitting to a violation of that

15       probation and may be liable to additional punishment on

16       that violation?

17               MR. BERGER:  Well, we've discussed --

18               THE COURT:  I understand that.  I'm going to

19       go into the commitment subsequent.

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  But, in essence, you are liable,

22       you understand that?

23               THE DEFENDANT:  Yes, yes, I am.

24               THE COURT:  Have you previously been

25       convicted of a felony?

```
 1                  THE DEFENDANT:  Yes, sir.

 2                  THE COURT:  Do you understand that you're

 3       pleading guilty to a felony here today; and if you're

 4       convicted of a new felony at anytime within the next

 5       ten years, the Court must impose a mandatory term of

 6       imprisonment?

 7                  THE DEFENDANT:  Yes, sir.

 8                  THE COURT:  Now, under Superior Court

 9       Information No. 1560N of 2005, you're charged as

10       follows:

11                  Two counts of robbery in the second degree,.

12       class C violent felony, with a maximum term of

13       imprisonment of fifteen years in jail.  One count of

14       robbery in the third degree, which is a class D felony,

15       and one count of attempted robbery in the second

16       degree, which is a class D violent felony.  Each of

17       those you can receive up to seven years in jail.

18                  Also, you're charged with unauthorized use of

19       a motor vehicle, which is a class A misdemeanor.

20       Maximum term is one year in jail.

21                  You understand the maximum charges you face

22       in the Superior Court Information?

23                  THE DEFENDANT:  Yes.

24                  THE COURT:  For plea, the District Attorney

25       has offered to allow you to plead guilty to the first
```

count in the Superior Court Information in full

2       satisfaction of it, which is robbery in the second

3       degree, class C violent felony. Maximum term of

4       imprisonment of fifteen years in jail.

5                   Do you understand the plea offer?

6                   THE DEFENDANT: Yes, sir.

                    THE COURT: Is there a sentence

8       recommendation by the People.

9                   MR. HAYDEN: No, your Honor.

10                  THE COURT: Now, Mr. Fields, I've had a

11      conference with your attorney, with the Assistant

12      District Attorney; and based on that conference, I make

13      a commitment and promise to you that the maximum

14      sentence you will receive is as follows:

15                  I will sentence you as a second felony

16      offender to a determinate term of imprisonment to five

17      years, with five years post release supervision.

18                  This sentence will run currently to the

19      sentence imposed previously in Queens County --

20                  MR. BERGER: No, Judge. It hasn't been

21      imposed, yet; but we expect it will be imposed prior to

22      this sentence.

23                  THE COURT: And I will sentence you

24      concurrent to that sentence, as well as I will sentence

25      you to concurrent time with respect to the violation of

1      probation.  That's probably -- that's before me.

2               There, also, will be restitution as

3      determined by the Probation Department and a permanent

4      order of protection in favor of the complaining

5      witness.

6               You understand my commitment and promise as

7      to your sentence?

8               THE DEFENDANT:  As far as the restitution, we

9      didn't speak about.

10              (Conferring with counsel.)

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  You understand the commitment and

13     promise?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  Is the District Attorney aware of

16     the Court's commitment and prepared to proceed with

17     this disposition?

18              MR. HAYDEN:  Yes, your Honor.

19              THE COURT:  Now, other than the promise I

20     made to you regarding your sentence, has anyone made a

21     different promise to you?

22              THE DEFENDANT:  No, sir.

23              THE COURT:  Now, I'm going to order a

24     probation report, presentence report.  Should this

25     report come back and recommend more jail time, or if

1        for any reason after reviewing this report I cannot or

2        choose not to honor my promise or commitment as to your

3        sentence, I will give you permission to take your plea

4        back as if nothing has happened.

5                    Do you understand that?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  And you can proceed to trial.  Do

8        you understand that?

9                    THE DEFENDANT:  Yes, sir.

10                   THE COURT:  I, also, want to advise you if

11       you fail to appear for sentence or if you get arrested

12       for a new crime between today and your sentence date,

13       my commitment to your sentence is off, which means I'm

14       not bound by my commitment, and I can sentence you up

15       to the maximum of what you're pleading guilty to today?

16                   THE DEFENDANT:  Yes, sir.

17                   THE COURT:  I want to advise you if you fail

18       to appear on the date of sentence, I can sentence you

19       in your absence.

20                   THE DEFENDANT:  Yes, sir.

21                   THE COURT:  December 23rd, the year 2004, did

22       you enter the North Fork Bank located at 365 North

23       Central Avenue, Village of Valley Stream, County of

24       Nassau, State of New York?

25                   THE DEFENDANT:  Yes.

```
 1              THE COURT:  On that date and at that place,

 2     did you display a simulated silver handgun, pass a note

 3     to the teller, which demanded, give me your hundreds?

 4              THE DEFENDANT:  Yes, sir.

 5              THE COURT:  And it was your intent to

 6     forcibly take that money, is that correct?

 7              THE DEFENDANT:  Yes, sir.

 8              THE COURT:  In fact, the teller gave you

 9     money, is that correct?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  And you left the bank?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Any additional questions by the

14     People?

15              MR. HAYDEN:  No, your Honor.

16              THE COURT:  People are satisfied with the

17     allocution?

18              MR. HAYDEN:  Yes, your Honor.

19              THE COURT:  Are you prepared to plead guilty

20     at this time?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  Everything you told me today has

23     been under oath.  Is everything you told me today the

24     truth?

25              THE DEFENDANT:  Yes, sir.
```

1          Mr. Berger.

2                    MR. BERGER:  Sure.

3                    THE COURT:  What date would you like, the

        week of August 15th or August 22nd?

                    MR. BERGER:  August 22nd, Judge.

                    THE COURT:  Any objection by the People?

                    MR. HAYDEN:  No, your Honor.

8                    THE COURT:  August 22nd, 2005, for sentence.

9

10                   *          *          *

11                C E R T I F I C A T I O N

12          CERTIFIED THAT THE FOREGOING IS A TRUE AND ACCURATE
        TRANSCRIPT OF THE ABOVE-HELD PROCEEDINGS.

13

14                    *Bonnie Piccirillo*

15                   Bonnie Piccirillo,
                     Official Court Reporter

16

17

18

19

20

21

22

23

24

25

Exhibit B

1

1    STATE OF NEW YORK : NASSAU COUNTY

2         COUNTY COURT PART VI

3    -----------------------------------------X   SCI Nos.
     THE PEOPLE OF THE STATE OF NEW YORK,      :   2259N-03
4                                              :   1560N-05
              -against-
5                                              :   NYSID No.
     ROBERT C. FIELDS,                         :   9130484J
6
                    Defendant.                 :   ROB 2
7    -----------------------------------------X   Sentence

8                         September 7, 2005

9                         262 Old Country Road
                          Mineola, New York
10

11
     B E F O R E:
12
         HONORABLE JEFFREY S. BROWN,
13
                    County Court Judge
14
     A P P E A R A N C E S:
15
              HON. DENIS DILLON, ESQ.
16            Nassau County District Attorney
              BY:  ROBERT T. HAYDEN, ESQ.
17                      Assistant District Attorney
                        For the People
18
              THE LEGAL AID SOCIETY
19            Attorneys for Defendant
              BY:  MICHAEL BERGER, ESQ.
20
                   *           *           *
21
                        LISA H. WINKLER
22                      Senior Court Reporter

23

24

25

                                                         lhw

1              THE CLERK:  Your Honor, this is Superior

2      Court Information number 1560N of 2005 and Superior

3      Court Information number 2259N of 2003, the matter of

4      Mr. Robert Fields.

5              Sir, good morning.

6              THE DEFENDANT:  Good morning.

7              THE CLERK:  You are Mr. Robert Fields?

8              THE DEFENDANT:  Yes, sir.

9              THE CLERK:  Mr. Berger, please, I'm sorry,

10     your appearance.

11             MR. BERGER:  Michael Berger, Legal Aid.

12             MR. HAYDEN:   Robert T. Hayden for the People,

13     your Honor.

14             THE CLERK:  Mr. Fields, is Mr. Berger,

15     standing next to you, your attorney?

16             THE DEFENDANT:  Yes, sir, he is.

17             THE CLERK:  Your Honor, this is in relation

18     to Superior Court Information number 2259N of 2003.

19             Mr. Fields, the Probation Department of the

20     County of Nassau has filed an information accusing you

21     of violating the terms and conditions of the sentence

22     of probation imposed upon you by the Honorable Jeffrey

23     Brown on December 15, 2003.

24             Mr. Berger, have you received a copy?

25             MR. BERGER:  I have, and I waive the reading

                                                    lhw

Sentence

1          of the information.

2                    THE CLERK:  Thank you.

3                    Mr. Fields, you may admit, deny, or stand

4          mute as to the truth of the allegations set forth in

5          this information.  You are entitled to hearings to test

6          this information.  You are also entitled to the aid of

7          counsel throughout all stages of these proceedings.

8                    Sir, with regard to the specifications of

9          violating the terms and conditions of the sentence of

10         probation imposed upon you, you admit, deny, or stand

11         mute as to these allegations.

12                   MR. BERGER:  Defendant will admit at this

13         point.

14                   THE COURT:  All right.  Before I take your

15         admission, Mr. Fields, I'd like to ask you some

16         questions.

17                   Now, on December 15, 2002, I sentenced you to

18         five years probation.  Subsequent to that date, while

19         under the supervision of the Nassau County Probation

20         Department, you -- did you fail to refrain from the

21         commission of additional offenses, in that on July 11,

22         2005, you pled guilty before me to the crime of robbery

23         in the second degree, on docket number -- Superior

24         Court Information number 1560N of 2005?

25                   (Defendant and counsel conferred.)

                                                              lhw

Sentence                                    4

1           THE DEFENDANT: Yes, sir.

2           THE COURT: Additionally, did you fail to

3      make restitution, as directed by the Probation

4      Department, in that as of August 11, 2005, you owed

5      $693.54?

6           THE DEFENDANT: Yes, sir.

7           THE COURT: The Court will accept the

8      defendant's change of plea.

9           THE CLERK: Mr. Fields, do you now wish to

10     enter an admission to the specifications of violating

11     the terms and conditions of the sentence of probation

12     imposed upon you by the Honorable Jeffrey Brown under

13     Superior Court Information number 2259N of 2003? Is

14     that your desire?

15          THE DEFENDANT: Yes, sir.

16          THE COURT: Mr. Berger, do you waive any

17     statutory delay in sentencing your client may be

18     entitled to with respect to Superior Court Information

19     number 2259N of 2003?

20          MR. BERGER: Yes, Judge.

21          THE COURT: You can sentence the defendant.

22          THE CLERK: Robert Fields, you appear before

23     the Honorable Jeffrey Brown for sentencing upon your

24     plea of guilty under Superior Court Information number

25     1560N of 2005, to robbery in the second degree, which

                                                           lhw

Sentence                          5

1      is a Class C violent felony offense --

2                   MR. BERGER:  You have to arraign him.

3                   THE CLERK:  -- and it is a violation of

4      Section 160.10 subdivision 2 of the Penal Law, and

5      under Superior Court Information number 2259N of 2003,

6      upon your admission of the specifications of violating

7      the terms and conditions of the sentence of probation

8      imposed upon you --

9                   MR. BERGER:  There is no need to arraign him?

10                  THE CLERK:  It wasn't done.

11                  MR. BERGER:  Even if he wasn't a PFO, you

12     could impose this sentence.

13                  THE COURT:  That's true, but the People have

14     filed a second felony offender statement.

15                  MR. BERGER:  Have you?

16                  MR. HAYDEN:  Yes.

17                  MR. BERGER:  Okay.

18                  THE CLERK:  -- indicating you have a prior

19     felony conviction, in that on or about the 15th day of

20     December 2003, in the County of Nassau, State of New

21     York, you, sir, were duly convicted by law of the

22     violation of robbery in the third degree and attempted

23     burglary in the third degree, and you were sentenced to

24     time served and five years probation, and judgment was

25     entered thereon.

Sentence                                    6

1              Sir, you have a right to a hearing to

2      controvert any of the allegations set forth in this

3      statement.  Any uncontroverted allegations will be

4      deemed admitted by you.

5              At this time, do you admit, deny, or stand

6      mute that you are the person so named in this statement

7      of prior felony conviction?

8              THE DEFENDANT:  Yes, sir.

9              THE CLERK:  Your Honor, Mr. Fields has

10     admitted to the prior felony conviction.

11             THE COURT:  Defendant is adjudicated a second

12     felony offender.

13             THE CLERK:  Mr. Fields, before sentence is

14     imposed, you, Mr. Berger, and Mr. Hayden for the People

15     may address the Court with regard to any matter

16     relevant to sentence.

17             Mr. Hayden, do the People wish to be heard

18     with regard to sentence?

19             MR. HAYDEN:  No, thank you, your Honor.

20             THE CLERK:  Mr. Berger, do you wish to

21     address the Court?

22             MR. BERGER:  No.  Just to say that originally

23     the Court had said that it would impose a sentence in

24     this matter concurrent to Queens.  Queens has not

25     picked up this matter.  We think that the federal

Sentence

1    authorities will pick up this matter.  We are not even

2    sure.  And we are not sure, if they pick up and impose

3    a sentence upon the defendant on this matter in Queens,

4    that anything you said could be of assistance to the

5    defendant, in the sense that you were willing to make

6    this sentence concurrent to anything in Queens.

7    However, Mr. Hayden and I have agreed that should the

8    Feds impose a sentence and should it be determined that

9    from a legal point of view it would have mattered what

10   you imposed, Mr. Hayden has indicated he would not

11   oppose a 440 motion -- any motion before the Court in

12   order to have him resentenced, and we will take it from

13   there.  We don't know anything, even if the Feds impose

14   a sentence, would make a difference anyway, but if

15   there is a legal basis, we would pursue that on behalf

16   of Mr. Fields.

17            THE CLERK:  Mr. Fields, do you wish to

18   address the Honorable Jeffrey Brown before sentence is

19   imposed?

20            THE DEFENDANT:  I thought about many things

21   to say.  I thought about writing a couple of things.

22   Then I decided to just instead have it come from my

23   heart, first to say, good morning.

24            Secondly, I just would like to say that 2003,

25   December 15th, I remember it as if it was yesterday,

Sentence                              8

1    and you gave me a chance for the crimes that I

2    committed during that year.  You said to me that if you

3    saw me again, that I would face a prison term, and this

4    is where I am today.  If I could take any and all of it

5    back and give away any materialistic belonging or

6    possession that I have incurred, I would.  But I can't.

7              I stand today before you, before these

8    officers, before my lawyer, and before God.  I made a

9    huge mistake in my life, one that I'm not going to say

10   is the end of my life, because it isn't.  It's just the

11   beginning.  When the time is over and whatever may be

12   done with the federal officials, that's something that

13   I'm going to have to wear.  I committed these crimes.

14   They were unthought-out decisions that I made, but I

15   thank you for giving me the sentence that you've given

16   me, and I just wanted to say thank you, Mr. Brown.

17             THE COURT:  Unfortunately, you've misplaced

18   the trust that I had in you when I placed you on

19   probation.  However, from this point on, you now have

20   to go forward, and once you've finished with your

21   sentence or sentences, then you have to go back with

22   the rest of your life and put yourself back together

23   and see if you can start afresh.

24             You know, any drug or alcohol problem you may

25   have, you should take care of any problems you may

                                                    lhw

Sentence                              9

1    have.  They have many programs at the correctional

2    center.  They can help you.  I hope you take advantage

3    of them.  But now you have committed a new crime and,

4    you know, it's my duty to sentence you accordingly.

5                It's the judgment of the Court, for the crime

6    of robbery in the second degree, which is a Class C

7    violent felony, for which you stand convicted under

8    Superior Court Information number 1560N of 2005, in

9    satisfaction thereof, that you, Robert Fields, are

10   hereby sentenced as a second felony offender to a

11   determinate sentence of five years, to be followed by

12   five years post-release supervision.

13               Additionally, judgment is ordered to be filed

14   on behalf of the Nassau County Probation Department in

15   the amount of $5,460, which is determined as follows:

16               $600 to the North Fork in Valley Stream.

17               $1,060 to the North Fork Bank in Baldwin.

18               And $3,800 to the HSBC Bank.

19               Civil judgment will be entered for this

20   amount.

21               Additionally, you're assessed a mandatory

22   surcharge of $250 and a crime victims' fee of $20,

23   which will be collected pursuant to Penal Law Section

24   60.35 subdivision 5.

25               MR. BERGER:  How much was the crime victims'

Sentence                              10

1      fee, 20?

2                      THE COURT:  20.

3                      Additionally, there is also a DNA fee of $50

4      which will likewise be collected pursuant to Penal Law

5      Section 60.35 subdivision 5.

6                      MR. BERGER:  What was the last bank?

7                      THE COURT:  $600 to North Fork Bank in Valley

8      Stream, $1,060 to the North Fork Bank in Baldwin, and

9      $3,800 to HSBC Bank.

10                     Also, another indication -- there is a Billy

11     Walker, whose restitution is unknown, because he failed

12     to respond.

13                     MR. BERGER:  Okay.  The sentence on the

14     violation of probation?

15                     THE COURT:  Do the People wish to be heard

16     with respect to the sentence on the violation of

17     probation?

18                     MR. HAYDEN:  No, thank you, your Honor.

19                     THE COURT:  Mr. Berger, do you wish to be

20     heard?

21                     MR. BERGER:  Nothing further, Judge.

22                     THE COURT:  Mr. Fields, is there anything you

23     wish to say to me before I sentence you with respect to

24     the violation of probation?

25                     THE DEFENDANT:  God bless you.

1          THE COURT:  The sentence of probation

2     previously imposed by me is revoked.  In its place,

3     defendant is sentenced to two concurrent indeterminate

4     terms of imprisonment of not less than one, nor more

5     than three years.  These sentences shall run concurrent

6     to each other, which means concurrent to the previously

7     imposed sentence on SCI 1560N of 2005.

8          Good luck to you, Mr. Fields.

9          THE DEFENDANT:  Thank you.

10         MR. BERGER:  When was -- I'm sorry, robbery

11    three in the second count?

12         THE COURT:  Attempted burglary three and

13    robbery three.

14         THE CLERK:  Mr. Fields, the court file

15    indicates that with respect to Superior Court

16    Information number 1560N of 2005, you previously waived

17    your right to appeal upon entry of your plea of guilty.

18         Sir, with respect to the sentence imposed on

19    the Superior Court Information number 2259N of 2003,

20    the violation of probation, you have a right to appeal

21    from this sentence and these proceedings.  If you wish

22    to appeal, you can file your notice of appeal with the

23    clerk of this court within 30 days.  If you cannot

24    afford attorney or minutes of these proceedings, you

25    may make application to the Appellate Division, which

Sentence                                            12

1        will, upon being satisfied you cannot afford the same,

2        order an attorney be appointed and the minutes provided

3        to you without charge.

4                    The Honorable Jeffrey Brown has directed

5        Mr. Berger, your attorney, to advise you in full and

6        take the steps necessary, as indicated by you, in this

7        regard.  Good luck.

8                    MR. BERGER:  Okay.

9

10                   *             *             *

11

12                   The foregoing is hereby certified to be a true and

13       accurate transcript of the proceedings as transcribed

14       from the stenographic notes.

15

16

17

18                                    Lisa Winb
                                    LISA H. WINKLER
19                                  Senior Court Reporter

20

21

22

23

24

25

                                                        lhw